FIRST UNION NATIONAL BANK OF NORTH CAROLINA
v. GARY LYNN RAMSEY

No. 7110DC520

(Filed 20 October 1971)

APPEAL by defendant from *Preston, District Judge,* at the 10 May 1971 Civil Session of District Court held in WAKE County.

Plaintiff alleged, and defendant admitted in his answer, that the defendant executed and delivered to plaintiff on or about the 5th day of September 1968 an "Instrument and Security Agreement" (note and chattel mortgage or chattel deed of trust) ; that a copy of the security agreement was attached to the complaint and incorporated therein by reference; that plaintiff has demanded payment of the claim for $131.09 and has been refused payment. The plaintiff alleged, and defendant denied in his answer, that after a foreclosure disposing of the collateral in the security agreement, there was due plaintiff the sum of $131.09. The defendant in a further answer and defense alleged that the plaintiff undermines or weakens "the agency relationship that exist *(sic)* between itself and its depositors or customers"; that plaintiff acts "to justify its own acts of bad faith with respect to performance of these same contracts or security agreements by its depositors or customers"; and that plaintiff uses "the courts or court system to promote the exploitation of the layman's lack of knowledge of how to compute the present value of an interest bearing debt."

From a judgment dated 12 May 1971 entered by Judge Preston, awarding the plaintiff judgment in the sum of $131.09 and interest from 15 July 1970 and the costs of this action, the defendant appealed to the Court of Appeals.

Bank v. Ramsey

*No counsel for plaintiff appellee.*

*Gary Lynn Ramsey, Pro se, for defendant appellant.*

MALLARD, Chief Judge.

In his brief defendant states that " (t) his appeal arises from the signing of the judgment prepared by the trial judge and from the refusal of the trial judge to accept the evidence presented by the defendant to defeat the plaintiff's claim."

We have examined and considered the record proper and the assignments of error that have been properly presented. No prejudicial error appears.

No error.

Judges CAMPBELL and HEDRICK concur.